UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:                                                              CASE NUMBER:
JOHNNY VIE RICHARDSON                                               10-09602-8-SWH
CLAUDEAN RICHARDSON                                                 CHAPTER 13

MINUTES OF 341 MEETING AND
MOTION FOR CONFIRMATION OF PLAN

**NOW COMES**, the Trustee in the above referenced Chapter 13 case and moves the Court for entry of an Order confirming the Plan in this case, and as to the extent modified by this Motion. In support of this Motion, the Trustee says unto the Court the following:

1. That the Debtor(s) appeared at the meeting of creditors, as required by 11 U.S.C. §341 and submitted to an examination under oath by the Trustee on **DECEMBER 23, 2010** or has (have) supplied answers to written interrogatories;

2. The Debtor(s) has/have complied with all requirements of 11 U.S.C. §521(a)(1)(B) and Interim Bankruptcy Rules 1007 and 4002(b), as modified and adopted by this Court, and this case has not been dismissed, nor is it subject to dismissal, under 11 U.S.C. §521(i).

3. There are no pending objections to confirmation or other filings or pleadings that would impeded the confirmation of the Plan in this case;

4. The analysis of this Plan has been performed by the Trustee, as evidenced by Exhibit "A" attached hereto, and the Trustee is of the opinion that the Plan meets the requirements of 11 U.S.C. §1325;

5. The Debtor(s) shall pay to the Trustee, beginning on the first day of the first month after this case was filed, monthly payments of : **55 MONTHS @ $1,057.00 or until all required claims have been paid in full and the unsecured creditors have received an amount sufficient to satisfy the requirements of §1325(a)(4).** The obligation to make such payments, however, shall cease upon payment to the Trustee of a sum sufficient to pay in full: (A) allowed administrative priority claims, including specifically the Trustee's commission and attorneys' fees and expenses ordered by the Court to be paid to the attorney for the Debtor(s), (B) allowed secured claims (including but not limited to arrearage claims), excepting those which the confirmed plan or subsequent order of this court provide shall be paid directly by the Debtor(s) rather than by the Trustee, (C) allowed unsecured priority claims, (D) if the confirmed plan or subsequent order so provides, a consumer debt of the Debtor(s) on which an individual is obligated with the Debtor(s), (E) post-petition claims allowed under §1305, and (F) the dividend, if any, required to be paid to non-priority, general unsecured creditors (and not including priority unsecured creditors) under §1325(b)(1)(B), and (G) the amount necessary to pay creditors to satisfy the liquidation test of §1325(a)(4). The Trustee shall disburse such funds pursuant to the terms of the confirmed plan and subsequent orders of the court must be paid to the Trustee before a discharge may be entered;

6. The Plan establishes a minimum pool of funds to be paid to the Trustee by the Debtor(s) called the "Unsecured Pool", as provided for in 11 U.S.C. §1325(b)(1)(B). **The Plan establishes the Unsecured Pool in this case as $-0-.** General unsecured creditors shall receive their *pro rata* portion of funds in the Unsecured Pool;

7. In this case, it is necessary that **general unsecured creditors** receive **$12,679.00** to satisfy the requirements of §1325(a)(4)(commonly known as the "liquidation test"). If a dollar amount is specified herein which pays less than all such claims in full, those holding such claims shall receive their *pro rata* portion of such amount.

8. If an amount is specified in ¶ 6 which must be paid to general unsecured creditors, and if there is an amount specified in ¶ 7 which must be paid to general unsecured creditors, the larger of the two amounts shall be the amount distributed to unsecured creditors.

9. Generally, and subject to orders entered hereafter by this Court, any claim proof of which is not filed on or before **MARCH 23, 2011**shall be disallowed. Claims of governmental units, proofs of which are not filed before **MAY 18, 2011** shall be disallowed.

10. Scheduled claims, proofs of which are not timely filed, or which claims are disallowed, are subject to being discharged if the Debtor(s) complete the Plan, except as specifically provided by law. The liens of creditors which will not be paid in full during the term of the Plan, or which are to be paid directly by the Debtor(s), are not affected by the confirmation of this Plan, except as provided in ¶ 11 below:

11. The claims of the following secured creditors shall be paid in the amount set out below. The amount shown has been adjusted to account for any adequate protection payment(s) paid to the creditor by the Trustee in accordance with Local Rule 3070-1(b) prior to the date of this motion, and a similar adjustment shall be made should any additional adequate protection payments be disbursed by the Trustee prior to the confirmation of the Plan. All adequate protection payments are applied to reduction of the principal amount of the creditor's claim. With respect to claims listed below for which the terms of repayment are listed as: (Direct" or "Outside" or similar language regarding the payment of a claim under this Plan, such language means that the Debtor(s) or a third party will make the post-petition payments in accordance with the contractual documents which govern the rights and responsibilities of the parties to the transaction, including any contractual modifications thereof, beginning with the first payment that comes due following the order for relief. With respect to the claims for which the collateral is described as "Arrears", the amount thereby shown as pre-petition arrears shall be cured through plan payments made by the Debtor(s) in the manner set forth under the heading "Repayment". The lien of each such creditor shall survive the discharge(s) of the Debtor(s), provided that upon payment to the creditor of the allowed arrearage claim, shown below (or as changed by a timely filed and allowed claim or amendment to claim or order of this Court), the Debtor(s) shall be deemed to be current under the terms of the debt as of the petition date. With respect to claims listed below for which the terms of repayment are listed as: "Surrender", upon entry of an Order confirming the plan, as modified by this Motion the automatic stay of 11 U.S.C. §362(a) shall thereupon be lifted and modified with respect to such property (for cause) under 11 U.S.C. §362(d)(1), as allowed by Local Rule 4001-1(b). If "Scheduled" appears next to or below "Amount", below, such notation indicates that no claim has been filed by or on behalf of the Creditor. In accordance with 11 U.S.C. §502, no disbursements may be made to a creditor who does not hold an allowed claim which requires the timely filing of a proof of claim pursuant to and in accordance with 11 U.S.C. §501, Federal Rules of Bankruptcy Procedure 3001, 3002 and 505, Interim Bankruptcy Rule 3002, as modified and adopted by this Court, and Local Rules 3001-1(b), 3004-1 and 5005-1 through 5005-4(12). Should an objection to a claim be filed, the Trustee may reserve payments on such claim pending entry of a final order resolving such objection. The amount shown as "Monthly Payment" is the average amount the creditor will receive each month during the life of the plan. Numerous variables (such as payment of attorneys fees, the timing of the preparation and filing of this Motion, the filing of claims after confirmation, the timing of payments made to the Trustee, etc.) make determination of an exact monthly payment to be disbursed each month impossible. The creditor's allowed claim will be paid within the term stated.

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| 1- VANDERBILT MORTGAGE | 2001 FLEETWOOD | $24,618.75 SECURED | 5.25% INT. WITHIN 55 MONTHS ($504.60 PER MONTH) |
|  |  | $19,032.13 UNSECURED | PRO RATA WITHIN 55 MONTHS |
| 2- WARREN COUNTY | R/E TAXES- 1477 RICHARDSON RD. | $256.70 SECURED (SCHEDULED AMOUNT) | 9.00% INT .WTIHIN 55 MONTHS ($15.00 PER MONTH) (NO POC FILED) |

12. The following creditors have filed secured proofs of claim, but due to the value placed on the collateral, the claims will be treated as unsecured and paid with the other unsecured claims;

| Creditor | Collateral | Amount | Int. rate/Term/Mo. Pymt |
|---|---|---|---|
| NONE |  |  |  |

13. The Treatment of claim indicated in paragraphs 10 and 11 above is based on information known to the Trustee at the time of the filing of this Motion. The treatment of some claims may differ from that indicated if subsequent timely claims require different treatment;
14. The following executory contracts and unexpired leases shall either be assumed or rejected as indicated below. With respect to any such contract or lease which is "Rejected," upon entry of an Order confirming plan, as modified by this Motion, the automatic say of 11 U.S.C. §362(a) shall be lifted and modified with respect to a such agreement and any property held by the creditor of lessor, included but not limited to any security deposit "for cause under 11 U.S.C. §362(d)(1)".

| Creditor | Property Leased or Contracted For | Treatment |
|---|---|---|
| NONE |  |  |

15. Priority claims shall be paid in full over the term of the Plan;
16. That confirmation of this Plan will be without prejudice to pending Motions for Relief From the Automatic Stay and will be without prejudice to objections to claim and avoidance actions;
17. That confirmation of the Plan vests all property of the estate in the Debtor(s), provided, however, that upon confirmation, and hence such vesting, that automatic stay of 11 U.S.C. §362(a) shall be re-imposed as to any and all property with respect to which such vesting would otherwise effect the lifting of the automatic stay under 11 U.S.C. §362(c)(3)(A). Should any creditor object to the foregoing, then the property related to such creditors claim of the subject of such objection shall not vest in the Debtor(s) but shall remain property of the bankruptcy estate of the Debtor(s), until the earliest of the time the case is closed, the time the case is dismissed, or the time a discharge is granted or denied to the Debtor(s);
18. That the attorney for the Debtor(s) is requesting in the amount of **3,000.00**. The Trustee recommends to the Court a fee of **3,000.00**. If the recommended fee is different from that requested, an explanation can be found in Exhibit "A".

DATED: **JANUARY 14, 2011**

/s/ John F. Logan
John F. Logan
Standing Chapter 13 Trustee
NC State Bar No. 12473
PO Box 61039
Raleigh, NC 27661-1039

Revised 06-21-06

EXHIBIT "A"

| | | |
|---|---|---|
| **NAME OF DEBTOR(S):** | JOHNNY VIE RICHARDSON<br>CLAUDEAN RICHARDSON | **CASE NUMBER:** 10-09602-8-SWH |
| **EMPLOYMENT:** Debtor: | TA LOVIN CO.<br>RENTAL INCOME | **GROSS INCOME:**<br>$2,912<br>$ 157 |
| Spouse: | UNEMPLOYMENT | $1,166 |

BUSINESS:                    NON-BUSINESS: X

Prior Bankruptcy Cases: Yes:  No: X
If so, Chapter filed:  Disposition:

Real Property: (Brief Description: Ex - H&L, mobile home, etc)
Description: 2001 FLEETWOOD M/H

| | | | |
|---|---|---|---|
| FMV | $27,927 | Date Purchased | |
| Liens | $43,651 | Purchase Price | $ |
| Exemptions | $ 0 | Improvements | $ |
| Equity | $ 0 | Insured for | $ |
| Rent | $ N/A | Tax Value | $ |

Tenants by Entirety: Yes (X)  No ()
COMMENTS:

Description: 1477 RICHARDSON RD. (M/H AND LAND)

| | | | |
|---|---|---|---|
| FMV | $21,171 | Date Purchased | |
| Liens | $ 257 | Purchase Price | $ |
| Exemptions | $ 4,037 | Improvements | $ |
| Equity | $16,877 | Insured for | $ |
| Rent | $ N/A | Tax Value | $ |

Tenants by Entirety: Yes ()  No (X)
COMMENTS: FMV REFLECTS HYPOTHETICAL 6% COST OF SALE.

Attorney Fees:
Requested:       $3,000 (excluding filing fee)
Paid:            $ 200 (excluding filing fee)
Balance:         $2,800

Trustee's Recommendation: $3,000
Comments:  JOHN T. ORCUTT

Plan Information: After 341

| | | | | | |
|---|---|---|---|---|---|
| Total Debts | $93,243 | Pay in | $58,135 | **Payout % After 341** | |
| Priority | $ 385 | Less 6% | $ 3,488 | Priority | 100% |
| Secured | $26,429 | Requested | | Secured | 100% |
| Unsecured | $66,429 | Atty fee | $ 2,800 | Unsecured | 19% |
| Joint Debts | $ 0 | Available | $51,847 | Joint | 0% |
| Co-Debts | $0 | | | Co-Debts | 0% |

Annual Review:        Yes: ()  No: (X)
Payroll Deduction:    () Yes  (X) No

Objection to Confirmation:  Yes ()  No (X)
Pending:
Resolved:

Motions Filed:        Yes ()  No (X)
If so, indicate type and status:
Hearing Date:

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| IN RE: | CASE NUMBER: |
| **JOHNNY VIE RICHARDSON** | **10-09602-8-SWH** |
| **CLAUDEAN RICHARDSON** | **CHAPTER 13** |
| DEBTOR(S) | |

### NOTICE OF MOTION FOR CONFIRMATION OF PLAN

John F. Logan, Chapter 13 Trustee, has filed papers with the Court to confirm the Chapter 13 Plan.

Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)

If you do not want the Court to grant the Motion for Confirmation of the Plan, or if you want the Court to consider your views on the Motion, then on or before **FEBRUARY 11, 2011** you or your attorney must file with the Court, pursuant to Local Rule 9013-1 and 9014-1, a written response, an answer explaining your position, and a request for hearing at:

**U.S. Bankruptcy Court
Eastern District of North Carolina
PO Box 1441
Raleigh, NC 27602**

If you mail your response to the Court for filing, you must mail it early enough so the Court will receive it on or before the date stated above.

Your must also mail a copy to the debtor(s), debtor(s) attorney, and Trustee at the following addresses:

| | | |
|---|---|---|
| **John F. Logan** | **JOHNNY VIE RICHARDSON** | **JOHN T. ORCUTT** |
| **Chapter 13 Trustee** | **CLAUDEAN RICHARDSON** | **ATTORNEY AT LAW** |
| **PO Box 61039** | **1481 RICHARDSON RD.** | **6616-203 SIX FORKS RD.** |
| **Raleigh, NC  27661-1039** | **HOLLISTER, NC  27844** | **RALEIGH, NC  27615** |

If a response and a request for hearing is filed in writing on or before the date set above, a hearing will be conducted on the motion at a date, time and place to be later set, and all parties will be notified accordingly.

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the motion and may enter an order confirming the plan.

DATED: <u>JANUARY 14, 2011</u>

<u>  /s/ John F. Logan</u>
John F. Logan, Chapter 13 Trustee
PO Box 61039
Raleigh, NC  27661-1039
(919) 876-1355

## CERTIFICATE OF SERVICE

DEBTOR 1 NAME: JOHNNY VIE RICHARDSON          CASE NUMBER:  1009602
DEBTOR 2 NAME: CLAUDEAN RICHARDSON

I <u>Robert J. Wallace, Jr.</u> certify under penalty of perjury that I have served copies of the Minutes of 341 Meeting And Motion for Confirmation of Plan and the Notice of Motion for Confirmation of Plan on the parties listed below in the manner shown on <u>01/14/2011   </u>:

Via U.S. first class mail, or by electronic service, if such interested party is an electronic filing user, pursuant to Local Rule 5005-4(9)(b):

JOHN T. ORCUTT, ATTORNEY AT LAW, 6616-203 SIX FORKS RD., RALEIGH NC  27615 -
ALLIED INTERSTATE, 3000 CORPORATE EXCHANGE DR., 5TH FL., COLUMBUS OH  43231 -
ALLIED INTERSTATE, C/O WALMART DISCOVER, 3000 CORPORATE EXE, COLUMBUS OH  43231 -
ALLIED INTERSTATE, C/O WALMART DISCOVER, PO BOX 1962, SOUTHGATE MI  48195-1962 -
BELK, PO BOX 960012, ORLANDO FL  32896-0012, -
CARD SERVICES, C/O FARM BUREAU BANK, PO BOX 13337, PHILADELPHIA PA  19101-1337 -
CITI CARDS, PO BOX 142319, IRVING TX  75014,  -
CITI CARDS, PO BOX 183051, COLUMBIA OH  43218, -
CITIFINANCIAL, 202 SOUTH BARNES, NASHVILLE NC  27856, -
CITIFINANCIAL, PO BOX 6931, THE LAKES NV  88901-6931, -
DISCOVER BANK, DFS-SERVICES, LLC, PO BOX 3025, NEW ALBANY OH  43054-3025 -
DISCOVER CARD SERVICES, PO BOX 71084, CHARLOTTE NC  28272,  -
DISCOVER CARD, PO BOX 30943, SALT LAKE UT  84130,  -
DRIVE CARD, ATTN: MNG AGT, PO BOX 653054, DALLAS TX  75265-3054 -
DRIVING CARD CREDIT PLAN, PROCESSING CENTER, DES MOINES IA  50364-0001,  -
FARM BUREAU BANK, CARD SERVICES, PO BOX 8802, WILMINGTON DE  19899-8802 -
FINGERHUT CORPORATION, C/O AXSYS NATIONAL BANK, 11 MCLELAND ROAD, SAINT CLOUD MN  56395 -
FINGERHUT/AXSYS NATIONAL BANK, PO BOX 7999, SAINT CLOUD MN  56302-7999, -
GOODYEAR CREDIT CARD PLAN, PROCESSING CENTER, DES MOINES IA  50364-0001, -
GOODYEAR CREDIT PLAN, PO BOX 653054, DALLAS TX  75265, -
HSBC BANK NEVADA, N.A., BASS & ASSOCIATES, P.C., 3936 E. FT. LOWELL RD. , STE. 200, TUCSON AZ  85712 -
HSBC RETAIL SERVICES, PO BOX 5238, CAROL STREAM IL  60197, -
HSBC/BEST BUY, ATTN: MANAGING AGENT, PO BOX 15521, WILMINGTON DE  19805 -
JC PENNEY, c/o: GE MONEY BANK, PO BOX 103104, ROSWELL GA  30076 -
JC PENNEY, PO BOX 960090, ORLANDO FL  32896,  -
JC PENNEY, PO BOX 981131, EL PASO TX  79998,  -
JOHNNY VIE RICHARDSON, CLAUDEAN RICHARDSON, 1481 RICHARDSON ROAD, HOLLISTER NC  27844 -
LOWE`S, PO BOX 981064, EL PASO TX  79998-1064,  -
LOWE`S, PO BOX 530914, ATLANTA GA  30353,  -
NASH HEALTHCARE SYSTEMS, C/O NASH HOSPITALS, INCORP, PO BOX 601306, CHARLOTTE NC  28260-1306 -
NASH HEALTHCARE SYSTEMS, C/O NASH HOSPITALS, INCORP, 521 NORTH WINSTEAD AVE, ROCKY MOUNT NC  27804 -
NASH HOSPITALS, INC., 2460 CURTIS ELLIS DRIVE, ROCKY MOUNT NC  27804,  -
NORTH CAROLINA EMERGENCY PHYSICIANS, ATTN: MANAGING AGENT, POST OFFICE BOX 409540, ATLANTA GA  30384 -
RBC BANK (USA), P.O. BOX 2155, ATTN: STEPHANIE D. BONE, ROCKY MOUNT NC  27802-2155 -
RBC BANK, PO BOX 1070, CHARLOTTE NC  28201-1070,  -
SEARS, PO BOX 6283, SIOUX FALLS SD  57117-6283,  -
SEARS, PO BOX 183081, COLUMBUS OH  43218-3081,  -
SEARS, POST OFFICE BOX 183082, COLUMBUS OH  43218-3082,  -
SEARS, PO BOX 6282, SIOUX FALLS SD  57117-6282,  -
SEARS, PO BOX 6924, THE LAKES NV  88901-6924,  -
THE BELK CENTER, C/O GE MONEY BANK - BK DEPT., POST OFFICE BOX 103104, ROSWELL GA  30076 -
THE BELK CENTER, PO BOX 981490, EL PASO TX  79998-1490, -

I certify that I have prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information and belief.

Date:<u>01/14/2011</u>     Signature:  _____*Robert J. Wallace, Jr.*_____

Premium Graphics, Inc.
2099 Thomas Road, Suite 10
Memphis, TN 38134

## CERTIFICATE OF SERVICE

DEBTOR 1 NAME: JOHNNY VIE RICHARDSON  CASE NUMBER: 1009602
DEBTOR 2 NAME: CLAUDEAN RICHARDSON

I <u>Robert J. Wallace, Jr.</u> certify under penalty of perjury that I have served copies of the Minutes of 341 Meeting And Motion for Confirmation of Plan and the Notice of Motion for Confirmation of Plan on the parties listed below in the manner shown on <u>01/14/2011</u>:

Via U.S. first class mail, or by electronic service, if such interested party is an electronic filing user, pursuant to Local Rule 5005-4(9)(b):

VANDERBILT MORTGAGE & FINANCE, INC., ATTN: MANAGER OR REG. AGENT, PO BOX 9800, MARYVILLE TN  37802 -
VANDERBILT MORTGAGE & FINANCE, PO BOX 9800, MARYVILLE TN  37802, -
WAL MART DISCOVER, PO BOX 960024, ORLANDO FL  32896-0024, -
WALMART DISCOVER, ATTN: MNG AGT, PO BOX 981470, EL PASO TX  79998-1470 -
WARREN COUNTY TAX OFFICE, PO BOX 185, WARRENTON NC  27589, -
WELLS FARGO BANK, N.A., ATTN: REMITTANCE, PO BOX 14487, DES MOINES IA  50306 -
WELLS FARGO FINANCIAL NORTH CAROLINA, IN, 4137 121ST STREET, URBANDALE IA  50323, -
WELLS FARGO FINANCIAL, PO BOX 660041, DALLAS TX  75266, -
WELLS FARGO FINANCIAL, PO BOX 5943, SIOUX FALLS SD  57117-5942, -

I certify that I have prepared the Certificate of Service and that it is true and correct to the best of my knowledge, information and belief.

Date: <u>01/14/2011</u>   Signature: _____*Robert J. Wallace, Jr.*_____

Premium Graphics, Inc.
2099 Thomas Road, Suite 10
Memphis, TN 38134